HARTMAN, PROBATE JUDGE, ETC., appellant, *v.* SMITH AND OTHERS, respondents.

ACTION — *Parties — Probate judge — Trustee of express trust — Town sites — Code Civil Procedure Montana, section 6.* — The probate judge in Montana territory, in relation to town sites, is the trustee of an express trust, and has the authority to sue, under section 6 of the Code of Civil Procedure, to protect his title as such.

*Appeal from First District, Gallatin County.*

SUIT to protect title to a certain tract of land known as the "town site of Cooke." On demurrer to the complaint, the court rendered judgment for defendant. Plaintiff appealed.

CHARLES S. HARTMAN and HENRY N. BLAKE, for the appellant.

VIVION & SHELTON, for the respondents.

WADE, C. J. This is an appeal from a judgment in favor of respondents, rendered in consequence of sustaining a demurrer to appellant's complaint, which he, declining to amend, abides the same, and submits the question of its sufficiency to this court. The complaint substantially alleges that on or about the 23d day of August, 1884, the probate judge of Gallatin county entered, in pursuance of law, and purchased at the proper land office, a certain tract of land, consisting of about forty-eight acres, known as the "town site of Cooke," in trust for the several use and benefit of the inhabitants of said town site, according to their respective interests; that the appellant is the successor in office of said probate judge, and, as such, is the trustee, and is seized in fee, of certain lots and parcels of said town site, which are described, and which it is alleged the respondents claim, as a mill site appurtenant to a certain mining claim, for which they are seeking to obtain a patent from the United States, and which claim of the respondents is declared to be without right or title.

As to the sufficiency of this complaint, the demurrer is an admission that all material matters, properly alleged therein, are true. It appears from the complaint that the probate judge of Gallatin county, in pursuance of the acts of congress, and the statutes of the territory in relation thereto, entered the town site of Cooke in the proper land office, and purchased from the United States the lands embraced in said town site, in trust, for the several use and benefit of the inhabitants of said town site. These proceedings appear to have been authorized by, and in pursuance of, the statutes applicable to such cases. For all the lands embraced within a town site, and lawfully entered as such, the probate judge receives a patent, a title in fee, which title he holds in trust for the occupants; and, when such occupants have complied with the statute, said trustee is required to make to such occupants good and sufficient deeds to the property, according to their respective rights and interests. These statutes, in relation to town sites on the public domain, belong to our general system of preemption laws, and were enacted in order to devise means whereby the real owner might become possessed of a good and sufficient title to his property. If, after all the occupants and claimants have received from the probate judge titles to their lots, according to their respective rights and interests, and there is a residue of lots remaining in the possession of the probate judge, and unclaimed for the period of sixty days, it then becomes the duty of the probate judge to post notices, and to offer so many of such remaining lots for sale as he may think proper; and thereafter the lots remaining unsold become subject to private entry, at the minimum price. The probate judge continues to hold the title in fee to the unclaimed and unsold lots until they are finally sold in the manner provided by law. His trust continues in full force until all the lots and parcels embraced within the town site, and subject to the operation of the town site acts, are sold and disposed of; and, having the title in fee, he has the right to defend and

protect his title, like an owner, until, in pursuance of the law, his trust shall cease.

It is immaterial by what right or title the respondents claim the property described. If the same was not subject to town site entry, or was exempted from the operation of the town site patent, a trial would make these facts to appear; and, if the claim of respondents has to do with the unclaimed or unsold lots embraced in the town site of Cooke, the probate judge has the right, and it is his duty, to protect his title as trustee until a better title is shown. The probate judge, as to town sites, is the trustee of an express trust, and his authority to sue is given by section 6 of the Code of Civil Procedure.

The judgment is reversed, and the cause remanded for a new trial.

*Judgment reversed.*

GALBRAITH, J., and BACH, J., concur.